(38 Misc. Rep. 105.) ,

### KURTZ v. CLAUSEN et al.

(Supreme Court, Special Term, New York County. May, 1902.)

MUNICIPAL CORPORATIONS—PUBLIC PARKS—CHAIRS—EXCLUSIVE PRIVILEGES.

An agreement made by the commissioner of parks giving an individual the exclusive privilege of maintaining and renting chairs in the public parks of the city, under which chairs were substituted by him for park benches located under the trees in parks, compelling the public to hire the chairs or sit in the sun, is illegal, and in derogation of public rights.

Action by Daniel M. Kurtz against George C. Clausen, president of the department of parks of the city of New York, and others, for the annulment of an agreement allowing one Spate to place chairs in the parks of said city and make a charge for their use. Judgment for plaintiff.

Einstein, Townsend, Guiterman & Shearn (M. S. Guiterman, of counsel), for plaintiff.

John Delahunty, for defendant Oscar F. Spate.

STECKLER, J. This action is by a taxpayer for the rescission and annulment of an agreement made April 16, 1901, between the city of New York, by its then commissioner of parks in the boroughs of Manhattan and Richmond, and Oscar F. Spate. The agreement confers upon Spate the privilege of placing and maintaining chairs in the public parks in said boroughs, for the use of which chairs by the public the said Spate is authorized to make a prescribed charge. It appeared upon the trial that, as an incident to the privilege given to Spate under his agreement, the ordinary park benches were, in or about the month of May, 1901, removed from shady spots, to make way for his chairs, and that any person who was either unwilling or too poor to pay for a chair would have to either swelter on a free bench in the sun, or seek shade, fresh air, rest, or relief from excessive heat in some other place than in the public parks. It seems to me .that the agreement in question is a pernicious one, and that the "special privileges" therein conferred are utterly opposed to our institutions. The parks are for the people, and not for any particular class of the people. At all times a source of health and enjoyment, they are especially refreshing during summer, when relief may be had from the torrid heat in the shade of their beautiful trees. To sustain the privileges of the defendant Spate would be tantamount to holding that the natural benefits derived from our parks could be bought and sold, and that a special tax could be imposed as a prerequisite to admission within their boundaries. There is no authority vested either in

77 N.Y.S.—7

the park commissioners or the city to so trample upon the rights of the public, and where such a result would be achieved, as it would be if the alleged privileges of the defendant Spate were unchallenged, a court of equity will interpose its protecting arm in behalf of the people.   There is a distinction between a case of this kind and one wherein the privilege of conducting a restaurant, providing boats upon the lakes, or goat carts and ponies for children, is granted by the park commissioners (see Gushee v. City of New York, 42 App. Div. 37, 58 N. Y. Supp. 967); for in such case there is no interference with the primary use of the parks, but rather their value is enhanced by giving the people an opportunity while enjoying the fresh air to procure refreshment and indulge in innocent amusement.   As the agreement made with Spate is, in my opinion, plainly illegal, and in derogation of public right, it follows that the plaintiff, a taxpayer, can invoke the power of the court (Code Civ. Proc. § 1925; Blaschko v. Wurster, 156 N. Y. 437, 51 N. E. 303), and there must be judgment for plaintiff, with costs.

Judgment for plaintiff, with costs.